**In re Matter of the Application for REINSTATEMENT OF Mark Elliot WERSAL, an Attorney at Law of the State of Minnesota.**

No. C1–80–50969.

Supreme Court of Minnesota.

July 6, 1988.

### ORDER

The respondent above named was suspended from the practice of law by order of this court dated February 15, 1984, for a two-year period. The order of suspension contained conditions that respondent could not be reinstated until he had furnished this court with evidence that he had taken steps to address problems leading to his original suspension. By petition to this court dated the 29th day of January 1988, the respondent requested reinstatement to the practice of law alleging that he had complied with the conditions of his original suspension. That petition came on for hearing before a panel of the Lawyers Professional Responsibility Board. Following the hearing, that panel recommended reinstatement to the practice of law on a two-year probationary status subject to certain continuing conditions. Subsequent to the filing of that panel determination, the Director of Lawyers Professional Responsibility and the respondent entered into a stipulation recommending that this court accept the conclusions and recommendation of the panel. By the terms of the stipulation between the Director and the respondent, each have waived any further referee hearing or any further arguments and briefs in the matter before this court. The court having examined its own files and having considered the petition for reinstatement, the answer thereto, and the panel recommendation,

NOW ORDERS:

1. That the respondent Mark Elliot Wersal is forthwith reinstated to the practice of law provided, however, that said reinstatement shall initially include a two-year probationary status.

2. The terms of the probation shall be as follows:

a. Respondent shall continue individual psychological counseling with Dr. John Desteian on a monthly basis and also group therapy counseling. Both shall be continued until such time as Dr. Desteian, the group members and the petitioner agree that continued sessions are no longer necessary; and

b. Respondent shall continue weekly attendance at Alcoholics Anonymous; and

**824**

c. Respondent shall nominate an attorney to act as supervisor to review his practice on a quarterly basis and monitor his progress in completing client matters in a timely and professional manner. The supervising attorney shall be someone admitted to the practice of law other than respondent's brother, and shall meet with the acceptance of the office of the Director of the Lawyers Professional Responsibility Board.

3. Respondent shall at all times continue to abide with the Minnesota Rules of Professional Conduct.